## OBENDORFER v. HART.

(Supreme Court, Appellate Term, First Department.  December 30, 1913.)

LANDLORD AND TENANT (§ 169*)—INJURY FROM DEFECTIVE PIPES—NEGLIGENCE OF LANDLORD.

As regards liability of the landlord for damages to a tenant from defects in pipes under the landlord's control, the fact that the landlord, after notice, made repairs, is not conclusive of his freedom from negligence; the repairs being inadequate.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Gustav Obendorfer against William F. S. Hart. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Millard F. Tompkins, of New York City, for appellant.
Henry W. Helfer, of New York City, for respondent.

SEABURY, J. Plaintiff sued for rent, and the defendant pleaded a counterclaim for damages caused by the alleged negligence of the plaintiff in failing to keep certain pipes in repair. At the close of the case the court dismissed the counterclaim.

The evidence offered by the defendant as to the defective condition of the pipes and the knowledge of the janitor and superintendent of this defective condition was sufficient, if the court believed this evidence to be true, to charge the landlord with notice of the defective condition of the pipes. The pipes were under the control of the landlord, who, after he received notice of the defects in them, had them repaired; but the evidence shows that the repairs were not adequate. The fact that repairs had been made was a circumstance relevant upon the issue of negligence; but it did not conclusively establish that the plaintiff was free from negligence. The issue raised by the counterclaim should have been considered upon the merits.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.